IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DUPREE A. MITCHELL, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| vs. ) | No. 3:19-CV-2466-M-BH |
| ) | |
| **DALLAS COUNTY JAIL,** ) | |
| ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be *sua sponte* **DISMISSED** with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**I. BACKGROUND**

On October 18, 2019, Dupree A. Mitchell (Plaintiff) filed an incoherent hand-written complaint against the Dallas County Jail. (*See* doc. 3 at 1.) It references the small claim's court, a milk cart, the Tenth Amendment, the kidnapping of his wife, and his request to officers to find her. (*See id.*) Attached to it are a business card for the assistant manager of the hotel where his wife was allegedly kidnapped, a warranty deed to which he is not a party with a handwritten notation that he paid for the house for his wife and son, municipal court judgments finding him guilty of public intoxication and sentencing him to time served, an order of dismissal of another municipal citation, and a statement of inability to pay court costs. (*See id.*) After the court found that he had not shown that he satisfied the requirements for proceeding *in forma pauperis* based on the statements in his application, Plaintiff paid the filing fee on November 4, 2019. (*See* docs. 4, 5, 18.) Although he has requested and obtained summonses, he has not filed proof of service on any defendant. (*See* docs.

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

25, 26.)

Plaintiff has filed numerous amended complaints and other documents that are also largely hand-written, incoherent and rambling, and many of which also reference putting his wife and son on his Tenth Amendment cases, winning those cases in small claims court, the kidnapping of his wife and possibly his son, playing football for the Jets, and a milk cart. Included in the notices are medical records showing visits to Parkland, including one noting that he was taken there by the police due to erratic behavior, and that he had a fixed delusion that his wife had been kidnapped. (*See* doc. 8 at 10-11.) Also included are various business cards, bank records, receipts, records of criminal cases against him, and real estate filings that do not appear to pertain to him.

## II. FAILURE TO STATE A CLAIM

It is well established that a district court may dismiss a complaint on its own motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).[2] Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[3] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "*[P]ro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether

---

[2] Although a court may dismiss a complaint on its own motion, the process for doing so must be fair. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (quoting 5A Wright & Miller, Fed. Practice and Procedure § 1357, at 301 (2d ed.1990)). This requires notice of the intent to dismiss and an opportunity to respond. *Id*. The recommendation of a U.S. Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object satisfies this requirement. *See Leeson v. Guadalupe County*, 2011 WL 2462236, at *1 (W.D. Tex. June 16, 2011) (finding process to be fair); *Richardson v. Jindal*, 2009 WL 2019420, at *2 (W.D. La. July 7, 2009) (finding process provided sufficient notice and opportunity to be heard).

[3] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

Here, Plaintiff's filings are incoherent and appear to assert fantastic or delusional scenarios.

3

*See Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989) (a claim is frivolous if it lacks either an arguable basis in law because it is "based on an indisputably meritless legal theory" or an arguable basis in fact because it describes "fantastic or delusional scenarios."); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a claim is "factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"). The only defendant he names is a non-jural entity that cannot be sued. No other defendant can be identified from his filings, and he pleads no facts from which a plausible claim may be gleaned. Because he fails to state a plausible claim upon which relief may be granted against the named defendant, or any other defendant, Plaintiff's complaint should be dismissed on the court's own motion under Rule 12(b)(6).

### III.  OPPORTUNITY TO AMEND

"'Generally a district court errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. American Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) (quoting *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998)). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. V. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal

4

with prejudice is also appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, an opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n. 5 (5th Cir. 1994)).

Since the inception of this case, Plaintiff has filed numerous complaints and filings, all of which allege fantastic and delusional scenarios that cannot be remedied by an opportunity to amend or further factual development. The Court should find therefore find that an opportunity to amend is unnecessary and that the complaint should be dismissed.

## IV. CONCLUSION

Plaintiff's claims should be *sua sponte* **DISMISSED** with prejudice under Fed. R. Civ. P. 12(b) for failure to state a claim.

**SO RECOMMENDED**, this 18th day of February, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE