IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DUPREE A. MITCHELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) No. 3:19-CV-2466-M-BH |
| | ) |
| DALLAS COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's post-judgment filing, filed on March 17, 2021 (doc. 56), which is liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On October 18, 2019, Dupree A. Mitchell (Plaintiff) filed an incoherent hand-written complaint against the Dallas County Jail. (*See* doc. 3 at 1.) It references the small claim's court, a milk cart, the Tenth Amendment, the kidnapping of his wife, and his request to officers to find her. (*See id.*) Attached to it are a business card for the assistant manager of the hotel where his wife was allegedly kidnapped, a warranty deed to which he is not a party with a handwritten notation that he paid for the house for his wife and son, municipal court judgments finding him guilty of public intoxication and sentencing him to time served, an order of dismissal of another municipal citation, and a statement of inability to pay court costs. (*See id.*) After the court found he had not shown that he satisfied the requirements for proceeding *in forma pauperis*, Plaintiff paid the filing fee on November 4, 2019. (*See* docs. 4, 5, 18.) Although he requested and obtained summonses, he failed

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

to file proof of service on any defendant.  (*See* docs. 25, 26.)

Plaintiff subsequently filed numerous amended complaints and other documents that are also largely hand-written, incoherent and rambling, and many of which also reference putting his wife and son on his Tenth Amendment cases, winning those cases in small claims court, the kidnapping of his wife and possibly his son, playing football for the Jets, and a milk cart.  Included in the notices are medical records showing visits to Parkland, including one noting that he was taken there by the police due to erratic behavior, and that he had a fixed delusion that his wife had been kidnapped. (*See* doc. 8 at 10-11.)  Also included are various business cards, bank records, receipts, records of criminal cases against him, and real estate filings that do not appear to pertain to him.

On February 18, 2021, it was recommended that this action be dismissed *sua sponte* for failure to state a claim.  (*See* doc. 51.)  The recommendation was accepted, and the case was dismissed for failure to state a claim by judgment dated March 16, 2021.  (*See* docs. 54, 55.)  The next day, Plaintiff filed another rambling and incoherent hand-written document.  (*See* doc. 56.)

## II.  RULE 59(e)

The plaintiff's filing was filed less than 28 days after entry of judgment.  "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).  Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Because it was filed within 28 days, the plaintiff's motion is properly considered under Rule 59(e). *See McGrew v. McQueen*, 415 F. App'x 592, 594-95 (5th Cir. 2011) (liberally construing pro se motion to reopen case that had been filed within twenty-eight days

of dismissal as arising under Rule 59(e)).

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

To the extent that Plaintiff's rambling two-page filing may be liberally construed as seeking a change in judgment, he has not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal. He has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.

### III. RECOMMENDATION

Any motion to alter or amend the judgment should be **DENIED**.

**SO RECOMMENDED**, this 19th day of March, 2021.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE